Matter of Salami (2021 NY Slip Op 04754)





Matter of Salami


2021 NY Slip Op 04754


Decided on August 25, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2020-01443

[*1]In the Matter of Steven H. Salami, admitted as Steven Hosseyn Salami, a suspended attorney. (Attorney Registration No. 3908472)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 7, 2001, under the name Steven Hosseyn Salami. By order to show cause dated December 29, 2020, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13 based on the misconduct underlying the discipline imposed by the orders of the Supreme Court of the State of New Jersey filed October 17, 2019, and December 9, 2019. The respondent was suspended from the practice of law for a period of six months, commencing January 8, 2018, and continuing until further order of this Court, by opinion and order of this Court dated December 6, 2017, in a separate proceeding under Appellate Division Docket No. 2017-04924.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
By order of the Supreme Court of New Jersey filed October 17, 2019, the respondent was temporarily suspended from the practice of law until further order of the court. Subsequently, by order of the Supreme Court of New Jersey filed December 9, 2019, the respondent was disbarred, and his name was stricken from the roll of attorneys based upon his consent to disbarment. The order was predicated on a matter pending against the respondent under Docket No. XIV-2019-0307E and the respondent's "Disbarment by Consent from the Bar of the State of New Jersey," pursuant to New Jersey Rules of Court rule 1:20-10(a), sworn to by the respondent on December 2, 2019. In the consent, the respondent stated that he consulted with counsel prior to completing the form and that his consent to disbarment was knowingly and voluntarily made. The respondent further stated that he was aware of the allegation against him of "knowing misappropriation of client and escrow funds." He acknowledged that the allegation was true, and that if he went to a hearing on the matter, he could not successfully defend himself against the charges.
Although a copy of this Court's order to show cause dated December 29, 2020, was served on the respondent by mail on December 30, 2020, he failed to either file a response or to request additional time in which to do so.
The disbarment by consent form satisfied the elements of New Jersey Rules of Court rule 1:20-10(a), and pursuant to this rule, it was submitted to and approved by the Supreme Court of New Jersey. Within the disbarment by consent, the respondent admitted that the allegations against him were true and that he could not successfully defend himself against the charges. Accordingly, based on the findings of the Supreme Court of New Jersey, we find that the imposition of reciprocal discipline is warranted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13(c), effective immediately, the respondent, Steven H. Salami, admitted as Steven Hosseyn Salami, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Steven H. Salami, admitted as Steven Hosseyn Salami, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven H. Salami, admitted as Steven Hosseyn Salami, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Steven H. Salami, admitted as Steven Hosseyn Salami, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Acting Clerk of the Court